Opinion delivered June 23, 1888.

---

## No. 5605.

## HENRY TERRY v. THE STATE.

MALICIOUS MISCHIEF—INDICTMENT.—This prosecution, for injuring and destroying a set of buggy harness, was based upon article 683 of the Penal Code. To come within the provisions of that article, the property injured or destroyed must be an agricultural product or property; within which description a set of buggy harness does not come; wherefore the motion to quash the indictment should have prevailed.

APPEAL from the District Court of San Saba. Tried below before the Hon. A. W. Moursund.

The opinion discloses the case. The penalty assessed was a fine of ten dollars

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE.    Appellant was indicted for malicious mischief, the malicious mischief as charged consisting in the injury to and destruction of certain "personal property, to wit, one set of buggy harness."

A motion to quash the indictment because it charged no offense against the law of this State, was overruled by the court; and the correctness of this ruling is the only question on this appeal.    Error is confessed by the Assistant Attorney General as to the ruling.

If the charge does not come within the provisions of article 683 of the Penal Code, then there is no statute which embraces it.    To come within the provisions of the said article, the property must be an agricultural product or property.

Now, whilst it is true that, under our general exemption laws, a buggy is exempt, as is also all harness necessary for the use of the family (Rev. Stats., art. 2335), still it can not be said that the buggy or harness is agricultural property.

Under previous adjudications of this court discussing and construing the object, intent, extent and purposes of article 683, the charge in the indictment does not come within its terms or purview, and we know of no other statute making the matter alleged a penal offense.    (Murray and Anthony v. The State, 21 Texas Ct. App., 620; Beeson v. The State, 23 Texas Ct. App., 406.)

Because the indictment charges no offense, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*